IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-2533-D |
| VS. | § | |
| | § | |
| THE BOEING COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The question presented by defendant's motion to dismiss is whether plaintiff's ERISA[1] action is barred by limitations. The resolution of this question turns on whether the ERISA plan's 180-day limitations period for bringing a civil action challenging an adverse decision is reasonable. Concluding that it is reasonable, the court grants defendant's motion and dismisses this action with prejudice.

I

Plaintiff Sharon Smith ("Sharon") brings this action against The Boeing Company ("Boeing") seeking spousal pension benefits under her deceased husband's Employee Retirement Income Plan-Hourly West Plan (the "Plan"), which is governed by ERISA. On January 1, 2008 Henry Smith ("Henry") designated his former spouse, Trinette Smith ("Trinette"), as his primary beneficiary of the Plan's 55% Surviving Spouse Joint and

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

Survivor Annuity ("QJSA").[2]  Henry and Trinette later divorced, and Henry married Sharon

in 2011.  Relying on a Plan provision that contains a post retirement joint and survivor

option, Henry attempted in a letter dated May 14, 2012 to change the primary beneficiary of

the QJSA to Sharon.  The request was denied on the ground that Henry had already begun

receiving his pension benefit.

Following Henry's death in July 2013, Sharon requested that Boeing recognize her

as the beneficiary of the QJSA.  In a letter dated October 14, 2013, Boeing informed Sharon

that it was denying her claim for spousal benefits because she was not listed as his spouse

at the time of his retirement.  Boeing also informed her that she had the right under ERISA

to appeal this determination, and, if the decision on appeal was adverse to her, to file a civil

action under ERISA § 502(a) no later than 180 days following the decision on appeal.

Sharon timely appealed to the Employee Benefit Plans Committee ("Committee").

On August 13, 2014 the Committee notified Sharon's representative by letter that

Sharon's appeal had been denied.  The Committee advised Sharon that she had the right to

bring a civil action under ERISA § 502(a) within 180 days following the decision on appeal

(i.e., within 180 days of August 12, 2014, the effective date of the decision).  Sharon filed

---

[2]In deciding Boeing's Rule 12(b)(6) motion, the court construes Sharon's complaint in the light most favorable to her, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in her favor.  *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).

her complaint in this court on July 30, 2015, more than 180 days after the decision on appeal.

Sharon alleges in this lawsuit that Boeing improperly declined to recognize her as the beneficiary of her husband's QJSA, and that she is entitled to Plan benefits. Alternatively, she contends that Boeing was negligent in failing to instruct her husband on how to make an effective and enforceable change to the beneficiary of the pension proceeds. Boeing maintains that Sharon's claims must be dismissed because, under the Plan, "[n]o legal action may be brought in court on a claim for benefits under the Plan after 180 days following the decision on appeal," and Sharon filed suit over five months after 180-day contractual limitations period expired.

Sharon does not dispute that the Plan required her to bring a claim within 180 days, or that she was aware of the limitations provision. She contends instead that the 180-day limitations period is unreasonable under Texas law.

II

Under Fed. R. Civ. P. 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive Boeing's motion, Sharon's complaint must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

Boeing moves to dismiss on the ground that Sharon's action is barred by limitations. Limitations is an affirmative defense.  *See* Rule 8(c)(1).  "'Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.'"  *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986)); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir.1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) . . . when [an] affirmative defense

clearly appears on the face of the complaint."). "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Simon v. Telsco Indus. Emp. Benefit Plan*, 2002 WL 628656, at *1 (N.D. Tex. Apr.17, 2002) (Fitzwater, J.). Further, "[i]t is well settled . . . that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead [herself] out of court." *W. Fork Partners, L.P. v. Chesapeake Expl., L.L.C.*, 2009 WL 2252505, at *5 (N.D. Tex. July 29, 2009) (Fitzwater, C.J.) (quoting *Funches v. City of Dallas*, 1999 WL 261842, at *2 (N.D. Tex. Apr. 28, 1999) (Fitzwater, J.)). But "[w]here it is clear from a review of a plaintiff's pleadings that any alleged cause of action is barred by limitations, a defendant's motion to dismiss should be granted." *Ingram v. City of Dallas*, 2003 WL 298585, at *2 (N.D. Tex. Feb. 11, 2003) (Fitzwater, J.). Although a district court must limit itself to the contents of the pleadings when considering a motion to dismiss for failure to state a claim, it may consider "documents that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The court now decides whether Sharon has pleaded herself out of court.

IV

Because ERISA does not provide a specific limitations period for denial of benefits lawsuits, courts apply the most analogous state statute of limitations. *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005). In this case, the most analogous Texas statute of limitations is the four-year period

that governs suits on contracts. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a) (West 2015); *Dye v. Assocs. First Capital Corp. Long-Term Disability Plan 504*, 243 Fed. Appx. 808, 809 (5th Cir. 2007) (per curiam) ("In Texas, the most analogous state statute of limitations is the four year limitation governing suits on contracts."). "Where a plan designates a reasonable, shorter time period, however, that lesser limitations schedule governs." *Harris Methodist*, 426 F.3d at 337. In support of this principle, *Harris Methodist* cites decisions of the Eleventh and Seventh Circuits that involve reasonable, shorter limitations periods in the ERISA context. *See Northlake v. Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998) (enforcing as reasonable 90-day contractual limitations period following appeal decision); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 874-75 (7th Cir. 1997) (enforcing as reasonable 39-month limitations period from first date of services on which action was based).

The *Harris Methodist* panel's citation to the Eleventh Circuit's *Northlake* decision is particularly instructive. Although the parties agreed in *Harris Methodist* that the three-year limitations period was reasonable in that case, the panel's citation to *Northlake* suggested that the Fifth Circuit would later conclude that a shorter period for filing suit was reasonable. In *Dye* the Fifth Circuit in fact held that a 120-day contractual limitations period in a long-term disability plan was reasonable, noting that the 120-day period was longer than the 90-day period upheld by the Eleventh Circuit in *Northlake*. *Dye*, 242 Fed. Appx. at 809. The Eleventh Circuit's conclusion in *Northlake* that a 90-day period was reasonable did not lead inexorably to the *Dye* panel's decision to uphold a 120-day limitations period. As the panel

pointed out, although the fact that the 90-day period upheld in *Northlake* was shorter than the 120-day period in *Dye* suggested that the 120-period was "not presumptively unreasonable," this did not "automatically mean that it [*was*] reasonable." *Dye*, 242 Fed. Appx. at 809. It was therefore necessary to look to other factors to determine whether the 120-day period was reasonable in the context of this particular case. The *Dye* panel noted several factors that supported the determination that the 120-day period was reasonable: (1) the plan gave notice specifying the 120-day limitations period; (2) the plan required that there be prompt notification of a decision on appeal; and (3) the limitations period did not begin until the end of the appeal process. *Id.* at 810.[3]

Similar to the plaintiff in *Dye*, Sharon argues that the 180-day limitations period is unreasonable because it is a period of fewer than two years, and is therefore prohibited by Tex. Civ. Prac. & Rem. Code Ann. § 16.070(a). Section 16.070(a) provides that "a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring a suit on the stipulation, contract, or agreement to a period shorter than two years." The court has located only one Texas case addressing § 16.070(a) in the ERISA context:

---

[3]The *Dye* panel also addressed plaintiff's alternative argument that the 120-day period was not reasonable under federal common law for a long term disability plan. *Dye*, 243 Fed. Appx. at 809-10. The plaintiff based this argument on the fact that federal cases had not previously enforced a 120-day limitation period in the context of disability benefits, as opposed to health, death, or pension benefits. *Id.* at 809. The panel disagreed. It noted that courts had enforced short contractual limitations provisions in several analogous contexts. *Id.* at 809-10 (collecting cases). And it concluded that the plaintiff had not offered "any federal cases in which a court expressly refused to enforce such a limit in the disability benefits context, and there [was] no apparent reason that a court should treat a limitations period differently in this context." *Id.* at 810.

*Hand v. Stevens Transport, Inc. Employee Benefit Plan*, 83 S.W.3d 286 (Tex. App. 2002, no pet.).[4]  Citing the Seventh Circuit's decision in *Doe*, the *Hand* court held that "[a] state statute prohibiting the shortening of a statute of limitations is not binding on ERISA claims." *Id.* at 295 (citing *Doe*, 112 F.3d at 873); *see Doe*, 112 F.3d at 873 ("the prohibition against shortening is not binding on an ERISA suit, so the Wisconsin statute of limitations falls out of the case.").

Moreover, in addition to the Fifth Circuit's decision in *Dye* and the Eleventh Circuit's opinion in *Northlake*, other federal courts have enforced contractual limitations periods of one year or less in ERISA cases.  *See Sheckley v. Lincoln Nat'l Corp. Emps. Retirement Plan*, 366 F.Supp.2d 140, 149 (D. Me. 2005) (enforcing as reasonable six-month period in retirement plan, despite defendants' improper notice of plaintiff's right to receive notice); *Davidson v. Wal-Mart Assocs. Health & Welfare Plan*, 305 F.Supp.2d 1059, 1074 (S.D. Iowa 2004) (enforcing 45-day period in healthcare context as reasonable under the circumstances); *In re Amsted Indus., Inc., "ERISA" Litig.*, 211 F.Supp.2d 1067, 1070 (N.D. Ill. 2002) (enforcing as reasonable 120-day period after final denial of claim in employee stock ownership plan); *Segerdahl v. The Segerdahl Corp. Emp. Stock Ownership Plan*, 2006 WL 1030195, at *11 (N.D. Ill. Apr. 17, 2006) (enforcing as reasonable 90-day period in employee stock ownership plan).

The Seventh Circuit in *Doe* explained the rationale for upholding in ERISA cases

---

[4]*Dye* states that *Hand* is "[t]he only Texas court to address [§ 16.070(a)] in the ERISA context.  *Dye*, 243 Fed. Appx. at 809.

shorter, reasonable limitations periods than are provided under the borrowed state statute of limitations.

> To commit ourselves to every incidental feature of the borrowed statute of limitations without considering whether the policies of ERISA would be advanced or retarded by contractual limitations periods would be to grope in the dark—as well as to risk creating a national crazy quilt of ERISA limitations law, with contractual limitations enforceable in some states but not in others, contrary to the uniformitarian policy of the statute.

*Doe*, 112 F.3d at 874.  Additionally, a suit that is brought following the disposition of an ERISA appeals process is "the equivalent of a suit to set aside an administrative decision, and ordinarily no more than 30 or 60 days is allowed within which to file such a suit." *Id.* at 875. Sharon has not cited, nor has the court found, any cases that hold that a limitations period of fewer than two years is unreasonable in an ERISA context.

The Plan in this case, although a pension plan, closely resembles the plan in *Dye*. The Committee in this case gave Sharon notice of the 180-day limitations period, which did not begin to run until the disposition of the appeal process, and Sharon was promptly made aware of the appeal decision.  In light of these similarities, and because the Plan required Sharon to file suit within 180 days, a period that is 60 days longer than the limitations period upheld in *Dye*, the court holds that the 180-day period limitations period was reasonable as a matter of law.

The facts of this case lend further support to this conclusion.  Sharon was represented by counsel during the appeal process, lasting almost ten months, and was informed in the initial denial letter of the 180-day limitations period.  The review process, and the subsequent

- 9 -

180-day limitations period, gave Sharon or her counsel over one year to investigate her claims and decide to file suit. *See Davidson*, 305 F.Supp.2d at 1074. Accordingly, Sharon's failure to file suit within 180 days of her appeal decision bars her from bringing a claim under ERISA for benefits.

V

Sharon also alleges that Boeing was negligent in failing to assist her husband in making an enforceable change to his spousal benefit form. "It is well settled that ERISA generally preempts state law," *Rivers v. Central & Southwest Corp.*, 186 F.3d 681, 683 (5th Cir. 1999) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)), and courts have found that ERISA preempts a surviving spouse's claims for negligent handling of a beneficiary form, *Metropolitan Life Ins. Co. v. Palmer*, 238 F.Supp.2d 826, 829 (E.D. Tex. 2002). Accordingly, the court dismisses Sharon's negligence claim.

VI

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (citation omitted). Here, the defects in Sharon's complaint are incurable. The Plan required Sharon to file suit no more than 180 days after the August 12, 2014 appeal decision, which the court holds is a reasonable limitations period as a matter of law, and she did not file suit until July 30, 2015. Boeing's successful affirmative defense appears clearly on the face of Sharon's complaint and referenced documents, and Sharon's lawsuit is therefore

- 10 -

barred by limitations. *See Cochran v. Astrue*, 2011 WL 5604024, at \*1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (granting Rule 12(b)(6) motion to dismiss, and dismissing suit under the Social Security Act as time-barred where it clearly appeared on the face of plaintiff's complaint that he did not file suit until ten days after the statute of limitations expired).

\* \* \*

For the reasons explained, the court grants Boeing's motion to dismiss and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

March 9, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE